# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MON RIVER TOWING, INC., )
    Plaintiff, )
)
vs. ) Civil Action No. 06-01499
) Judge Nora Barry Fischer
INDUSTRY TERMINAL AND SALVAGE CO., )
    Defendant. )

## MEMORANDUM ORDER

This matter is before the Court on a Motion to Compel Production of Documents [30], filed by Defendant Industry Terminal and Salvage Company on June 4, 2008, in which Defendant requests the following: (1) computer printouts similar to "Exhibit A" to the deposition of Doug Bieliski regarding standard and stumbo barges from May of 2004 to December of 2004; (2) jumbo barge utilization computer records, updated with information as to the new barges received in 2004; (3) written work-ups analyzing barges available for the Ingram contracts; (4) analyses of charters extended in 2004; and (5) production/delivery schedules for barges from SCF.[1] (Docket No. 30 at ¶21). On June 9, 2008, Plaintiff Mon River Towing, Inc. filed Plaintiff's Response to Defendant's Motion to Compel Production of Documents (Docket No. 31), in which Defendant appears to argue that the documents requested are not relevant, only to subsequently provide (in summary fashion) a series of "reasons" to deny Defendant's motion at the end of its response. (*See* Docket No. 31 at 6).

As a threshold point, the Court notes that at the December 21, 2007 Post-Discovery Status Conference, Plaintiff raised no objection (substantive or procedural) to

---

[1] The vast majority of Defendant's motion only concerns the first category of documents requested.

Defendant's hand-written list of discovery requests.  On the contrary, Plaintiff agreed to "retrieve said documents and ... provide either said documents or an affidavit indicating that the same no longer exists."  (Docket No. 21).[2]  Accordingly, to the extent Plaintiff now objects to Defendant's "discovery requests" as irrelevant or procedurally defective (i.e., no formal discovery request), the Court finds that Plaintiff has waived the same.  However, to the extent that Plaintiff asserts that the requested documents are not kept in the ordinary course of business and that the Federal Rules do not require the creation of documents, the Court will consider the same below insofar as the Plaintiff would not be expected to assert said objections before searching for the documents in question.

Rule 34 does not require a party to create or generate responsive materials (in this case, documents) but only to produce and allow inspection of "items in the responding party's possession, custody or control."  Fed.R.Civ.R. 34(a)(1).  *See Marchese v. Department of the Interior*, No. Civ. A. 03-3082, 2004 WL 2297465, at *4 (E.D. La. Oct. 12, 2004) ("Rule 34 does not require a party responding to discovery to create responsive materials, only to produce those in its possession, custody or control"); *Khyber Technologies Corporation v. Casio, Inc.*, No. Civ. A. 99-12468-GAO, 2003 WL 21696354, at * (D. Mass. March 31, 2003) ("Rule 34 only allows parties to request and inspect documents that already exist and does not require parties to create documents") (citation omitted).  In support of its motion as to the computer printouts, Defendant relies upon a clause in Rule 34(a)(1), which provides, in pertinent part, that a party may serve

---

[2] Neither party indicates whether Plaintiff completed and submitted an affidavit to Defendant regarding its search for documents.

on any other party a request to "any designated documents or electronically stored information ... stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." Fed.R.Civ.P. 34(a)(1). Defendant asserts that the latter requirement as to "translation ... into a reasonably usable form" requires a responding party to a discovery request to generate a report similar to Exhibit A to the Bieliski deposition. (Docket No. at ¶20). The Court disagrees.

The advisory committee notes elaborate upon the "translation" requirement:

> The inclusive description of "documents" is revised to accord with changing technology. It makes clear that Rule 34 applies to electronics data compilations from which information can be obtained only with the use of detection devices, and that when the data can as a practical matter be made usable by the discovering party only through respondent's devices, respondent may be required to use his devices to translate the data into usable form. In many instances, this means that respondent will have to supply a print-out of computer data.

Fed.R.Civ.P. 34 advisory committee notes (1970 Amendment). *See National Union Electric Corp. v. Matsushita Electric Industrial Co., Ltd.*, 494 F.Supp. 1257, 1262 (E.D. Pa. 1980). In the Court's estimation, "a print-out of computer data" is significantly different than the report requested here by Defendant or any "analyses" of documents.[3]

---

3

Moreover, Defendant cites two cases for the proposition that "courts have held that where information responsive to discovery requests is stored in a database, the responding party be required to provide reports generated from that database." (Docket No. 6 at ¶20). However, a closer look at said cases reveals that the courts there merely required the responding party "to formulate queries and recover information" from a database, *see Jinks-Umstead v. England*, 227 F.R.D. 143, 147-48 (D.D.C. 2005), or "to provide a print out" of the relevant data requested, *see Burkybile v. Mitsubishi Motors Corp.*, No. 04 C 4932, 2006 WL 3191541, at *5 (N.D. Ill. Oct. 17, 2006).

Hence, the Court finds that Rule 34 does not require a responding party to create or generate responsive materials in a specific form requested by the moving party. However, to the extent that Defendant merely requests a computer print-out of the information at issue in its "discovery requests," the Court finds that the same falls within the bounds of Rule 34.

Accordingly, based on the foregoing, the Court GRANTS the Motion to Compel Production of Documents [30] and, in accordance with the foregoing, the Court ORDERS the Plaintiff to respond to the outstanding discovery requests and produce said documents on or before June 20, 2008. To the extent that Plaintiff has no responsive documents in its current possession, custody or control, the Plaintiff shall execute an affidavit indicating the same.[4]

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: June 10, 2008

cc:   All counsel of record

---

[4] The Court *strongly* encourages the parties to meet and confer in order to reach agreement in line with the instant Memorandum Order.